CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

06/13/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TINA MARIE WELLS, | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00040 |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| RALPH NORTHAM, | ) Senior United States District Judge |
| Defendant. | ) |

Tina Marie Wells, proceeding pro se, commenced this action by filing a form "complaint for violation of civil rights" against Ralph Northam, the Governor of Virginia. Wells has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

In her complaint, Wells alleges that from March 2011 until September 2011, while housed at Fluvanna Correctional Facility for Women, "[a] camera was used to view [her] in the shower." Compl. 4, Docket No. 2. Wells indicates that she subsequently received medical treatment for unspecified injuries related to the video surveillance at Western State Hospital in 2012 and 2014, and at Central State Hospital in 2014.

Wells cites 42 U.S.C. § 1983 as the jurisdictional basis for the action. She claims that the use of video surveillance violated her rights under the Eighth and Fourteenth Amendments to the United States Constitution. She seeks to recover $70,000 in compensatory and punitive damages.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege sufficient facts to establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the following reasons, the court concludes that Wells' complaint fails to state a plausible claim under § 1983 against Governor Northam.

To the extent Wells seeks to pursue her claim for damages against Governor Northam in his official capacity, he is not a "person" within the meaning of § 1983. The Supreme Court has explained that while "state officials literally are persons, . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Consequently, "it is no different from a suit against the State itself." Id. Because a state is not a "person" under § 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute. See id. ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, any claim for damages against Governor Northam in his official capacity must be dismissed.

To the extent Wells seeks to hold Governor Northam liable in his individual capacity, her complaint fares no better. Although a suit for monetary damages can be maintained under § 1983 against a state official acting in his individual capacity, such suits "seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, "to establish personal liability in a § 1983 action," a plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166 (emphasis in original); see also Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). In this case, the events in question occurred in 2011, seven years before the defendant became governor. There are simply no factual allegations from which the court can reasonably infer that Governor Northam had "personal knowledge of and involvement in" the alleged deprivation of the plaintiff's constitutional rights." Wright, 76 F.2d at 850. Accordingly, the complaint fails to state a claim on which relief may be granted.

## Conclusion

For the reasons stated, the court will grant Wells' motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 15th day of June, 2018.

/s/ Glen Conrad
Senior United States District Judge